Lalance Grosjean Manufacturing Company vs. Wolff & Levi.

No. 5306.

LALANCE GROSJEAN MANUFACTURING COMPANY vs. GEORGE G. WOLFF & LEVI.

The resolutory condition is peculiar to the civil law and does not enter into a contract made in the State of New York.

A vendor, even if the sale include the resolutory condition, can not, after the goods he has sold have been seized by the sheriff under an execution, sequester the goods and divest the sheriff's possession.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. Breaux, Fenner & Hall,* for plaintiff and appellant. *Labatt, Aroni & Clinton,* for intervenor and appellees.

HOWELL, J.   The plaintiff, a corporation in the city of New York, sold and delivered, in August, 1873, in said city, to George G. Wolff & Levi, a firm domiciled in New Orleans, certain goods and wares on four months credit, and, upon failure of payment, caused the said goods to be sequestered on the second March, 1874, and sued to dissolve the sale for that cause. The said goods, with all others belonging to the defendants, were then in the hands of the civil sheriff of Orleans, under a *fieri facias* issued in the suit of A. Hoffnung vs. George G. Wolff & Levi, No. 5428 of the docket of said Sixth District Court, and the sale was actually in progress, though these goods were at the time unsold.

A. Hoffnung intervened to maintain the effect of his seizure and resist the demand of the plaintiff. From a judgment in favor of the defendants and intervenor the plaintiff appealed.

The first question presented is, has the plaintiff the right to enforce the resolutory condition; and, secondly, did the seizure, under execution by a third party, defeat that right?

The sale by plaintiff to defendants was made in the State of New York, where the common law prevails, while the dissolving condition is peculiar to the civil law. In the case of Johnson vs. Bloodworth, 12 An. 699, it was said: "Slaves bought in other States of the Union are not bought subject to the dissolving condition, which is peculiar to the civil law." (See p. 702.) It is fair to say that the resolutory condition, as announced in article 2046 of the Revised Civil Code, was not implied in the contract between plaintiff and defendants in New York.

But, if we be mistaken in the position that this is a New-York contract, we think the effect of the seizure under execution and the possession of the movables by the law officer precluded the exercise of that right. This divestiture of possession was not the act of the debtors, who may probably have had no power to do an act to the prejudice of any rights of their creditors; but it was the act of the law, and the only right of the debtors or other creditors to change that possession, so as to again obtain

control of the property, was to pay the judgment under which the seizure was made. Those having a right to or upon the property superior to that of the seizing creditor might have made opposition in proper form to the sale or set up a claim to the proceeds of the sale. The plaintiff has no privilege on the property. The rights to and upon movable property are subject to rules different from those relating to immovables, and by such rules the right to pursue movables out of the possession of the purchaser is accorded by statute in certain specified cases. The right to enforce the resolutory condition is not made one of these cases. The interests of commerce make some such difference necessary, and the business community would feel much alarm at the doctrine that any vendor could dissolve the sale of merchandise found in the hands of a second or third vendee. On either hypothesis plaintiff must fail.

Judgment affirmed.

---

LEONARD, J., concurring. I concur in the decree only on the first ground stated in the opinion of the court, namely, that the contract of sale was made in New York, and that the resolutory condition was not implied in it. The law governing the dissolving condition is not, therefore, before court. It is not in the case, under the facts as we have found them.